# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>   Plaintiff,<br><br>  vs.<br><br>FORUM NATIONAL INVESTMENTS LTD., DANIEL CLOZZA, ROBERT LOGAN DUNN, WILLIAM BRAD ANGUKA, and AHMAD FARID GHAZNAWI,<br><br>   Defendants. | **CIVIL NO.**<br>**5:14-CV-02376-JAK (DTBX)** |

**JUDGMENT OF PERMANENT INJUNCTION AND DISGORGEMENT AS TO DEFENDANT AHMAD FARID GHAZNAWI**

The Securities and Exchange Commission ("SEC") having filed a Complaint and Defendant Ahmad Farid Ghaznawi ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as

1

otherwise provided herein in paragraph VII.); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and

(b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 17(b) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77q(b)], by publishing or circulating any advertisement or communication describing a security without fully disclosing the compensation received in exchange for the advertisement or communication

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny

1  stock.  A penny stock is any equity security that has a price of less than five dollars,

2  except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

3

4  IV.

5  IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

6  the Court shall, upon motion of the SEC, order whether Defendant should be required

7

8  to pay a civil penalty pursuant to Sections 20(d) of the Securities Act [15 U.S.C. §

9  77t(d)] and Section 21(d)(3) of the Exchange Act [15 USC § 78u(d)(3)].  Defendant

10 further agrees that in connection with the SEC's motion, and at any hearing held on

11

12 such a motion: (a) Defendant will be precluded from arguing that he did not violate

13 the federal securities laws as alleged in the Complaint; (b) Defendant may not

14 challenge the validity of this Consent or the Judgment; (c) solely for the purposes of

15

16 such motion, the allegations of the Complaint shall be accepted as and deemed true

17 by the Court; and (d) the Court may determine the issues raised in the motion on the

18 basis of affidavits, declarations, excerpts of sworn deposition or investigative

19

20 testimony, and documentary evidence, without regard to the standards for summary

21 judgment contained in Rule 56(c) of the Federal Rules of Civil Procedureexcept that

22

23 either Party may move the Court to allow discovery in connection with such motion

24 and any opposition to such motion.

25 V.

26

27 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

28 is liable for disgorgement of $27,350, representing profits gained as a result of the

4

conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $2,941.  Defendant shall satisfy this obligation by paying $30,291 to the SEC within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Ahmad Farid Ghaznawi as a defendant in this action; and specifying that payment is made pursuant to this Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.  The SEC shall send the funds paid pursuant to this Judgment to the United States Treasury. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

5

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal

1   Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and
2   without further notice.

4   Dated:  February 29, 2016

_____
JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE