# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>FORUM NATIONAL INVESTMENTS LTD., DANIEL CLOZZA, ROBERT LOGAN DUNN, WILLIAM BRAD ANGUKA, and AHMAD FARID GHAZNAWI,<br><br>　　　　Defendants. | **CASE NO.**<br>No. 5:14-cv-02376 JAK DTBx)<br><br>**AMENDED FINAL JUDGMENT AS TO DEFENDANT DANIEL CLOZZA (DKT. 56)**<br><br>JS-6: Daniel Clozza Only |

　　The Securities and Exchange Commission ("SEC") having filed a Complaint and Defendant Daniel Clozza ("Clozza" or "Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; and waived findings of fact and conclusions of law:

I.

On February 29, 2016, the Court -- with the Defendant's consent -- entered the Judgment of Permanent Injunction and Disgorgement as to Defendant Daniel Clozza (the "February 29 Judgment"). Clozza consented to entry of the Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided); and waived any right to appeal from the Judgment, which provided as follows:

A.

IT IS ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

   (a) to employ any device, scheme, or artifice to defraud;

   (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

   (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

B.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Court shall, upon motion of the SEC, order whether an Officer and Director Bar or Penny Stock Bar should be ordered against Defendant, including the length (if any) of such bars. Defendant further agrees that in connection with the SEC's motion, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of this Consent or the Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure, except that either Party may move the Court to allow discovery in connection with such motion and any opposition to such motion.

C.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $52,917, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $5,691. Defendant shall satisfy this obligation by paying $58,608 pursuant to the terms of the payment schedule set forth in Paragraph D below.

Defendant may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>    Enterprise Services Center
>    Accounts Receivable Branch
>    6500 South MacArthur Boulevard
>    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Daniel Clozza as a defendant in this action; and specifying that payment is made pursuant to this Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in

4

such funds and no part of the funds shall be returned to Defendant. The SEC shall send the funds paid pursuant to this Judgment to the United States Treasury. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

D.

Daniel Clozza shall pay the total disgorgement and prejudgment interest due of $58,608 USD to the SEC according to the following schedule: (1) $10,000 USD, within 14 days of entry of the February 29, 2016 Judgment; and (2) $48,608 USD, within one year of entry of the February 29, 2016 Judgment. Payments shall be deemed made on the date they are received by the SEC and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any delinquent amounts due. Prior to making the final payment set forth herein, Daniel Clozza shall contact the staff of the SEC for the amount due for the final payment.

If Daniel Clozza fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the SEC without further application to the Court.

E.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth

5

herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

F.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).VIII.

Clozza waived any right to appeal from these terms. They remain in full effect.

II.

The February 29 Judgment left open for later determination by the Court whether Officer and Director and Penny Stock bars should be ordered against Clozza. The SEC having properly moved the Court for an order of Officer and Director and Penny Stock bars against Clozza, and the Court having considered the submissions on these issues,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of

the Securities Act [15 U.S.C. § 77t(e)], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)] for a period of ten years from the date of the entry of this Amended Judgment.

      IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is barred from participating in an offering of any penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock, for a period of ten years from the date of the entry of this Amended Judgment Court.  A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

### III.

      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated:  November 30, 2016      _____
                                          John A. Kronstadt
                                          United States District Judge