1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# CENTRAL DISTRICT OF CALIFORNIA

10
11
12

SECURITIES AND EXCHANGE
COMMISSION,

13

14           Plaintiff,

15     vs.

16  FORUM NATIONAL INVESTMENTS
    LTD., DANIEL CLOZZA,
17  ROBERT LOGAN DUNN,
    WILLIAM BRAD ANGUKA, and
18  AHMAD FARID GHAZNAWI,

19           Defendants.

20

**CIVIL ACTION**
No. 5:14-cv-02376 JAK (DTBx)

**FINAL JUDGMENT AS TO
DEFENDANT AHMAD FARID
GHAZNAWI and AMENDED FINAL
JUDGMENT AS TO DEFENDANTS
FORUM NATIONAL
INVESTMENTS LTD., DANIEL
CLOZZA, ROBERT LOGAN DUNN
and WILLIAM BRAD ANGUKA[1]**

**[JS-6]**

21
22        The Securities and Exchange Commission ("SEC") having filed its Complaint

23  and Defendants having entered a general appearance; consented to the Court's

24  jurisdiction over them and the subject matter of this action; consented to entry of

25  Judgments without admitting or denying the allegations of the Complaint (except as

26
27
_____

28  [1] Each Defendant has previously entered a Consent, and the Court has previously
    entered Orders reflecting the terms of those Consents.

1

1  to jurisdiction and except as otherwise provided herein in paragraph IX); waived

2  findings of fact and conclusions of law; and waived any right to appeal from this

3  Judgment, which supersedes those previously entered in this action:

I.

5       IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants

6  Forum Investments Ltd. ("Forum"), Daniel Clozza ("Clozza"), Robert Logan Dunn

7  ("Dunn"), William Brad Anguka ("Anguka") and Ahmad Farid Ghaznawi

8  ("Ghaznawi") (collectively, "Defendants") are permanently restrained and enjoined

9  from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of

10  1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated

11  thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

12  interstate commerce, or of the mails, or of any facility of any national securities

13  exchange, in connection with the purchase or sale of any security:

14       (a)    to employ any device, scheme, or artifice to defraud;

15       (b)    to make any untrue statement of a material fact or to omit to state a

16            material fact necessary in order to make the statements made, in the light

17            of the circumstances under which they were made, not misleading; or

18       (c)    to engage in any act, practice, or course of business which operates or

19            would operate as a fraud or deceit upon any person.

20       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as

21  provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also

22  binds the following who receive actual notice of this Judgment by personal service or

23  otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and

24  (b) other persons in active concert or participation with Defendant or with anyone

25  described in (a).

26                      II.

27       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants

28  Dunn, Anguka, and Ghaznawi are permanently restrained and enjoined from

1  violating, directly or indirectly, Section 17(b) of the Securities Act of 1933

2  ("Securities Act") [15 U.S.C. §§ 77q(b)], by publishing or circulating any

3  advertisement or communication describing a security without fully disclosing the

4  compensation received in exchange for the advertisement or communication

5       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as

6  provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also

7  binds the following who receive actual notice of this Judgment by personal service or

8  otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and

9  (b) other persons in active concert or participation with Defendant or with anyone

10  described in (a).

11                                    III.

12       IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

13  Defendant Forum National Investments Ltd. is permanently restrained and enjoined,

14  from directly or indirectly, controlling any person who violates Section 13(a) of the

15  Exchange Act [15 U.S.C. §§ 78m(a)] and Rule 13a-1 thereunder [17 C.F.R. § 13a-1]

16  by failing to file with the Commission timely and accurate quarterly, current and

17  annual reports.

18       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided

19  in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the

20  following who receive actual notice of this Final Judgment by personal service or

21  otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and

22  (b) other persons in active concert or participation with Defendant or with anyone

23  described in (a).

24                                    IV.

25       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants

26  Dunn, Anguka and Ghaznawi are permanently barred from participating in an

27  offering of penny stock, including engaging in activities with a broker, dealer, or

28

1    issuer for purposes of issuing, trading, or inducing or attempting to induce the

2    purchase or sale of any penny stock. A penny stock is any equity security that has a

3    price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange

4    Act [17 C.F.R. 240.3a51-1].

5         IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as

6    provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also

7    binds the following who receive actual notice of this Final Judgment by personal

8    service or otherwise:  (a) Defendant's officers, agents, servants, employees, and

9    attorneys; and (b) other persons in active concert or participation with Defendant or

10   with anyone described in (a).

11                                           V.

12        IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

13   Defendant Clozza is prohibited, until November 30, 2026,[2] from participating in an

14   offering of penny stock, including engaging in activities with a broker, dealer, or

15   issuer for purposes of issuing, trading, or inducing or attempting to induce the

16   purchase or sale of any penny stock.  A penny stock is any equity security that has a

17   price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange

18   Act [17 C.F.R. 240.3a51-1].

19        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as

20   provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also

21   binds the following who receive actual notice of this Final Judgment by personal

22   service or otherwise:  (a) Defendant's officers, agents, servants, employees, and

23   attorneys; and (b) other persons in active concert or participation with Defendant or

24   with anyone described in (a).

25

26

27

28   [2] This date is 10 years from the Court's original order imposing the penny stock bar.
     *See* Dkt. 81.

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)] Defendant Clozza is prohibited, until November 30, 2026,[3] from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are liable for disgorgement and prejudgment interest thereon as follows:

| Defendant | Disgorgement | Prejudg. Interest | Total |
|---|---|---|---|
| Clozza[4] | $52,917 | $5,691 | $58,608 |
| Dunn[5] | $20,000 | $0 | $20,000 |
| Anguka[6] | $44,811 | $4,819 | $49,630 |
| Ghaznawi[7] | $27,350 | $2,941 | $30,291 |

---

[3] This date is 10 years from the Court's original order imposing the officer and director bar.  *See* Dkt. 81.

[4] *See* Dkt. 56.

[5] *See* Dkt. 44.

[6] *See* Dkt. 58.

[7] *See* Dkt. 59

1

2     IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant

3 to Sections 20(d) of the Securities Act [15 U.S.C. §77t(d)] and Section 21(d)(3) of the

4 Exchange Act [15 USC § 78u(d)(3)], Defendant Anguka is liable for a civil penalty

5 of $10,000[8] and Defendant Ghaznawi is liable for a civil penalty of $7,500.

6     To the extent not already paid, these amounts are presently due.[9]  Defendants

7 may transmit payment electronically to the SEC, which will provide detailed ACH

8 transfer/Fedwire instructions upon request.   Payment may also be made directly from

9 a bank account via Pay.gov through the SEC website at

10 http://www.sec.gov/about/offices/ofm.htm.  Defendants may also pay by certified

11 check, bank cashier's check, or United States postal money order payable to the

12 Securities and Exchange Commission, which shall be delivered or mailed to

13        Enterprise Services Center
         Accounts Receivable Branch
14       6500 South MacArthur Boulevard
         Oklahoma City, OK 73169
15

16 and shall be accompanied by a letter identifying the case title, civil action number,

17 and name of this Court; Defendant's full name, as a defendant in this action; and

18 specifying that payment is made pursuant to this Judgment.

19     Defendants shall simultaneously transmit photocopies of evidence of payment

20 and case identifying information to the SEC's counsel in this action.  By making this

21 payment, Defendants relinquish all legal and equitable right, title, and interest in such

22 funds and no part of the funds shall be returned to Defendants.  The SEC shall send

23 the funds paid pursuant to this Judgment to the United States Treasury.  Defendants

24 shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC

25 § 1961.

26

27 [8] *See* Dkt. 78.

28 [9] To the extent the Defendants entered into payment plans with the SEC, all amounts owed have come due.

6

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consents are incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated:  March 24, 2017

_____
JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE

7